**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steffani A. Skelton, ) | No. CV-07-408-PHX-DGC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| State Farm Insurance Co., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action arises out of an automobile insurance claim that Plaintiff Steffani A. Skelton filed with her insurer, Defendant State Farm Insurance Co. ("State Farm"). Plaintiff alleges breach of contract and breach of the duty of good faith and fair dealing, and seeks punitive damages. Dkt. #1, Ex.1. Defendant has filed a motion for summary judgment with respect to the bad faith and punitive damages claims, and has done so prior to the close of discovery. Dkt. ##11, 16. Plaintiff seeks a continuance of the motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which permits a district court to delay consideration of summary judgment if the nonmovant shows that further discovery is required to oppose the motion. Dkt. #26. For reasons set forth below, the Court will grant Plaintiff's request for a continuance and deny Defendant's motion for summary judgement without prejudice.[1]

---

[1] Defendant's request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1    Under Rule 56(f), a party opposing a motion for summary judgment must set forth,
2 in the form of an affidavit, specific facts that it hopes to obtain from further discovery, and
3 show that these facts are "essential to justify the party's opposition" to the summary
4 judgment motion. Fed.R.Civ.P. 56(f); *California ex rel. Cal. Dep't of Toxic Substances v.*
5 *Campbell,* 138 F.3d 772, 779 (9th Cir. 1998). Plaintiff has provided an affidavit of her
6 attorney, Thomas Q. Quigley. Dkt. #26. Mr. Quigley states that he intends to depose State
7 Farm employees David Dixson and Liz Alber. *Id*. at 3-4, ¶3. Mr. Dixson, the State Farm
8 adjuster assigned to this file, recommended to his supervisor, Ms. Alber, that Plaintiff's claim
9 should be settled. Dkt. #18, at 8-9 ¶38; Dkt. #25, at 3 ¶38. Ms. Alber did not accept Mr.
10 Dixson's recommendation and concluded that a medical record review was needed.
11 Dkt. #18, at 9 ¶39; Dkt. #24, at 7. Subsequent to Ms. Alber's decision, State Farm requested
12 additional medical information from Plaintiff. Dkt. #18, at 9 ¶41; Dkt. #25, at 4 ¶41.

13   The testimony of Mr. Dixson and Ms. Alber may create issues of fact with respect to
14 Plaintiff's bad faith and punitive damages claims. At the summary judgment stage of a suit
15 alleging bad faith, "[t]he appropriate inquiry is whether there is sufficient evidence from
16 which reasonable jurors could conclude that in the investigation, evaluation, and processing
17 of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that
18 its conduct was unreasonable." *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1010 (9th
19 Cir. 2004); *see also Trus. Joist Corp. v. Safeco Ins. Co. of America*, 153 Ariz. 95, 134 (Ariz.
20 App.1986) (observing that a bad faith claim contains both objective and subjective
21 components). Testimony from Mr. Dixson and Mr. Alber may be relevant to whether
22 Defendant's handling of Plaintiff's claim was reasonable under the circumstances.

23   Defendant argues that "its motion for summary judgment is based on the objective
24 prong of Arizona's two part test for bad faith" and that Plaintiff only seeks to depose Mr.
25 Dixson and Ms. Alber "regarding their *subjective* decision-making process." Dkt. #27 at 3
26 (emphasis in original). The Court does not read Plaintiff's stated objectives as being limited
27 to the subjective element of the bad faith analysis. Mr. Quigley's affidavit notes that, in
28 deposing Ms. Alber, he intends to explore the "underlying *reasons* for State Farm's actions,"

including the request for additional medical information from Plaintiff. Dkt. #26, at 2 ¶3 (emphasis added). This inquiry may shed light on whether there was an objectively reasonable basis for State Farm's actions after Mr. Dixson recommended settlement.

Defendant also contends that Plaintiff need not conduct additional discovery because Plaintiff "admitted 41 of the 46 paragraphs in State Farm's separate statement of facts, and disputed the other five." Dkt. #27, at 4. But Defendant fails to acknowledge that Plaintiff provided 25 additional points of fact that Plaintiff contends preclude summary judgment. Dkt. #25, at ¶¶47-71.[2]

The testimony of Mr. Dixson and Ms. Alber may also be relevant to a determination of whether Defendant's conduct supports an award of punitive damages. "In bad-faith cases, punitive damages are not available unless the evidence establishes that, in addition to bad faith, the insurer acted with an evil mind." *Lukes v. American Family Mut. Ins. Co.*, 455 F.Supp.2d 1010, 1017 (D.Ariz. 2006) (citing *Gurule v. Illinois Mut. Life and Cas. Co.*, 152 Ariz. 600, 601 (1987)). Plaintiff seeks to discover the subjective grounds for the actions of Mr. Dixson and Ms. Alber. Dkt. #27 at 3.

The Court concludes that Plaintiff should be afforded additional time to conduct discovery and therefore grants Plaintiff's Rule 56(f) motion. Defendant's motion for summary judgment is denied without prejudice to refiling after the discovery deadline set forth in the Court's Case Management Order. Dkt. #11.[3]

---

[2] These 25 points contradict Defendant's suggestion that Plaintiff is using discovery to manufacture a bad faith case. Moreover, Defendant curiously states that "[i]f there was any objective evidence of bad faith, plaintiff would not need to conduct discovery to find it." Dkt. #27 at 4. A central purpose of discovery, however, is for one party to obtain evidence relevant to its claims. The request for a continuance should not be rejected because Plaintiff does not possess, on her own, all information of relevance to her case. Defendant also expresses concern that Plaintiff's bad faith claim is premature. This is a matter Defendant can assert in a renewed motion for summary judgment after discovery is complete.

[3] To the extent that a party moving for a continuance is required to explain why it has been unable to obtain specific facts through discovery, *Teamsters Local 175 v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (noting that a district court may deny further discovery in

**IT IS ORDERED:**

1. Plaintiff's motion for a continuance (Dkt. #26) is **granted**.

2. Defendant's motion for summary judgment (Dkt. #16) is **denied without prejudice**.

3. Defendant may refile a motion for summary judgment **after December 14, 2007**.

DATED this 11th day of September, 2007.

David G. Campbell
United States District Judge

---

response to a Rule 56(f) motion if the movant has not diligently pursued discovery), Mr. Quigley states in his affidavit that the sought-after information was not obtained because the parties were engaged in settlement negotiations. Dkt. #26, at 2 ¶6.

- 4 -